Citation Nr: 1205192 
Decision Date: 02/10/12 Archive Date: 02/23/12

DOCKET NO. 10-16 951 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Entitlement to a higher level of payment of Chapter 33 educational assistance (Post 9/11 GI Bill), currently at the 80 percent level. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

K. Hudson, Counsel


INTRODUCTION

The Veteran had active service from November 2001 to March 2004.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a decision of Muskogee Education Center dated in July 2009, which awarded the Veteran Chapter 33 educational assistance at the 80 percent level. 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

The Veteran has been found to be entitled to educational assistance under the Post 9/11 GI Bill. He contends that he should be awarded benefits at the 100 percent rate, under 38 C.F.R. § 21.9640, rather than at the 80 percent rate. VA will pay education assistance at the 100 percent rate for a Veteran who served at least 36 months of active duty after September 10, 2001, or at least 30 continuous days, if discharged due to service-connected disability. 38 C.F.R. § 21.9640(a). For a Veteran who served at least 24 months, but less than 30 months, payments will be made at the 80 percent rate. Id. 

The Veteran in this case had 28 months and 5 days of active service. He contends, however, that he was discharged due to a service-connected disability. The narrative reason for separation recorded on the DD Form 214 is "physical condition, not a disability." He contends that the incidents which caused his discharge were caused by posttraumatic stress disorder (PTSD), for which he was later granted service connection. The RO found that VA is required to accept the Department of Defense characterization as to the reason for discharge. Thus, there are two aspects to this claim, one of which is whether VA has the authority to decide whether the discharge was due to service-connected disability. The other is whether, in this particular case, the Veteran's discharge was due to service-connected disability, even if not recognized as such by the service department at that time. 

Concerning the first, whether VA has the authority to independently determine the reason for discharge, the legal authority appears convoluted. First, the regulation provides that basic eligibility for Chapter 33 benefits may be established if the Veteran serves a minimum of 30 continuous days and, after completion of such service, is discharged under other than dishonorable conditions due to a service-connected disability. 38 C.F.R. § 21.9520(b). Similarly, the statute which provides the authority for this regulation states that a Veteran who serves at last 36 months of active duty on or after September 11, 2001, or serves at least 30 continuous days on active duty commencing on or after September 11, 2001, "is discharged or released from active duty in the Armed Forces for a service-connected disability" is entitled to Chapter 33 educational assistance. 38 U.S.C.A. § 3311(b). Neither provision explicitly or separately states that the determination that the Veteran's discharge was due to a service-connected disability must be made by the service department, as, for example, the statute does for certain discharges characterized as honorable. See generally 38 U.S.C.A. § 3311. 

As a complicating factor, however, there are separate provisions for other types of honorable discharge, including for a condition, not a disability. Individuals who are also basically eligible for Chapter 33 benefits, include those who were discharged from service with less than 36 months of service, where the following conditions are met: 

(4) A discharge or release from active duty in the Armed Forces after service on active duty in the Armed Forces characterized by the Secretary concerned as honorable service for-

(A) a medical condition which preexisted the service of the individual as described in the applicable paragraph of subsection (b) and which the Secretary determines is not service-connected; 

(B) hardship; or 

(C) a physical or mental condition that was not characterized as a disability and did not result from the individual's own willful misconduct but did interfere with the individual's performance of duty, as determined by the Secretary concerned in accordance with regulations prescribed by the Secretary of Defense. 

38 U.S.C.A. § 3311(c) (West Supp. 2011) (emphasis added).

The implementing regulation, however, is somewhat different. As potentially applicable to this case, basic eligibility for educational assistance under 38 U.S.C.A. Chapter 33 based on active duty service after September 10, 2001, may be established if the Veteran serves at least 30 days of active service, and is discharged or released from service for-

(i) A medical condition that preexisted such service and is not determined to be service-connected; 

(ii) Hardship, as determined by the Secretary of the military department concerned; or 

(iii) A physical or mental condition that interfered with the individual's performance of duty but was not characterized as a disability and did not result from the individual's own misconduct. 

38 C.F.R. § 21.9520(a)(5) (2011).

Note that under the regulation, hardship must be determined by the military department, but not the other two, which seems to be the opposite of the statutory provision. The statute, however, is less clear, in that the term "Secretary" or "Secretary concerned" is not otherwise defined. 

Thus, a decision as to whether VA may determine whether the Veteran's discharge, noted on his DD Form 214, to be due to a "physical condition, not a disability," was due to service-connected disability, or whether the service department's characterization must be accepted, requires a complex analysis of the law and regulations, and, before addressing this question, the Board finds that further information concerning the factual aspects of his claim should be obtained and reviewed. For example, although service connection is in effect for PTSD, according to a copy of an April 2007 rating decision in the education file, he also has a non-service-connected polysubstance abuse. It is not known, however, whether such condition was at all related to his discharge from service. Therefore, the claims folder, to include service treatment records and service personnel records should be obtained and associated with the education file, for review. 

Accordingly, the case is REMANDED for the following action:

1. Request the Veteran's claims file from the appropriate RO, to specifically include service treatment records and service personnel records.

2. Then, review these records to determine any additional development is needed, and, if development is sufficient, whether the Veteran is entitled to Chapter 33 educational assistance at the 100 percent level. If the decision remains adverse to the Veteran, he and his representative should be furnished with a supplemental statement of the case and afforded an opportunity to respond, before the case is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________________________
JAMES L. MARCH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).